IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-cr-40081-JPG |
| ) | |
| STEWART C. BOZARTH, ) | |
| ) | |
| Defendant. ) | |

### MEMORDANDUM AND ORDER

This matter comes before the Court on defendant Stewart C. Bozarth's Motion (Doc. 68) for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). The government has not filed a response and the time for doing so has not expired. However, the Court does not require a response.

This Court conducted a hearing[1] on August 23, 2016, in Benton, Illinois, with regard to whether or not the government had complied with the Court's order[2] (Doc. 32) to return non-contraband digital media unrelated to criminal activity. The Court was satisfied that the Government had put forth its best efforts to return the defendant's non-contraband digital media and found that the government had satisfied it obligation with regard to the return of the defendant's property (Doc. 60). The defendant requests that this Court reconsider that order based upon alleged government fraud and that the defendant was unable to represent himself at the hearing due to emotional issues.

---

[1] Federal Rule of Criminal Procedure 41(g) states that the district must receive evidence on any factual issue necessary to decide a motion for return of property. Although defendant's motion (Doc. 29) for return of property has been granted (Doc. 32), there remains the dispute of whether all property has been returned which warranted a hearing.

[2] A Rule 41(g) motion is a civil proceeding and subject to the Prison Litigation Reform Act of 1995. The Court is addressing Mr. Bozarth as "defendant" instead of "plaintiff" for ease of reference since this motion has been permitted to remain in the criminal case although the court is aware that the return of property became a civil matter upon the filing of the motion.

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b). It is not an authorized action in response to general pleas for relief or an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Furthermore, ignorance of a litigant or attorney is not appropriate grounds for relief under Rule 60(b). *McCormick*, 230 F.3d at 327.

A district court does not have jurisdiction to grant a Rule 60(b) motion filed while the case is on appeal. *Boyko v. Anderson*, 185 F.3d 672, 674-75 (7th Cir. 1999). It does, however, have jurisdiction to deny such a motion, and should do so expeditiously if the motion appears to be without merit. *Id.*

The Court finds that defendant's Rule 60 motion is without merit. Defendant repeats the arguments he made prior to the hearing and at the hearing. Although he states that there was alleged fraud on behalf of the government, he failed to make such allegations at the hearing or to fully question the custodian of the evidence. Defendant states that, "[g]iven an appropriate

chance, Mr. Bozarth could have elicited this from the Government's witness." However, the defendant was given the opportunity to question the witness and failed to bring to the Court's attention any alleged fraud on behalf of the government. Further, the defendant never requested – either before or at the hearing – to present any witnesses on his behalf. In fact, the defendant was offered several times to make a statement or present any evidence he may have with regard to the return of the property at issue.

With regard to his lack of representation, the Court never prohibited the defendant from retaining counsel. Defendant's request that a non-attorney prisoner be present at the hearing was denied for the reasons stated. Finally, as stated in initial order, the defendant was given an opportunity at the time of seizure, to be present at the examination and identify any files he desired returned. He declined. The Court found the testimony of the government's witness to be creditable in that every reasonable attempt has been made to return the defendant's digital media.

The arguments presented in defendant's Rule 60 motion do not demonstrate mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the operation of the judgment. They are previous arguments or arguments that should have been raised at the hearing prior to the court making its decision.

Therefore, defendant Stewart C. Bozarth's Motion (Doc. 68) for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) is **DENIED**. However, the Court does take note of the defendant's footnote 3 and **GRANTS** defendant's request that any digital property in the custody of the government not be destroyed or purged until the appeal in this matter is resolved. Therefore, the Government is **DIRECTED** to retain the defendant's digital property currently in the custody of the government and not destroy or purge such digital media until resolution of the pending appeal. The Clerk of Court is **DIRECTED** to send a copy of this

Order to the United States Court of Appeals for the Seventh Circuit with regard to appellate case number 16-3260.

**IT IS SO ORDERED.**

**DATED:** 9/12/2016         *s/J. Phil Gilbert*
                             **J. PHIL GILBERT**
                             **DISTRICT JUDGE**